IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER L. PARKER,
#S07242,

Petitioner,

    vs.

JEFF KORTE,

Respondent.                              Case No. 16-cv-01082-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner Christopher Parker is currently incarcerated in Western Illinois Correctional Center.  He brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in order to challenge his conviction and sentence for criminal sexual assault in Jersey County Circuit Court Case No. 07-CF-176.  (Doc. 1).  This is the third federal habeas petition ("Third Petition") that Parker has filed in this District to challenge the same conviction and sentence.  *See also Parker v. Roeckeman*, No. 16-cv-00206-DRH-CJP (S.D. Ill. 2013) ("First Petition"); *Parker v. Korte*, No. 16-cv-00908-DRH (S.D. Ill. 2016) ("Second Petition").  Parker now asserts new grounds for relief, arising from alleged errors made by the trial judge, public defender, and State's attorney in his criminal case.  He has never before raised these arguments in state or federal court.  Parker asks the Court to stay all pending state court post-conviction proceedings, excuse him from the exhaustion requirement, and enter an order overturning his state court conviction.

This matter is before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully considering the Third Petition, exhibits, and related motions,[1] the Court concludes that Parker's claims are time-barred. Accordingly, the Third Petition shall be **DISMISSED with prejudice**.

## I. Background

Parker was charged with two counts of criminal sexual assault, one count of predatory criminal sexual assault, and one count of criminal sexual abuse in Jersey County Circuit Court. On June 24, 2009, he pleaded guilty to only one count of criminal sexual assault in violation of 720 ILCS § 5/12-13(a)(2), and the other three counts were dismissed. (Doc. 1, pp. 1-2). Parker was sentenced to five years and three months of imprisonment, followed by mandatory supervised release for three years to life. (*Id.*). He did not file a timely motion to withdraw his guilty plea or appeal the judgment of conviction. (*Id.*, pp. 2-3).

---

[1] This includes a review of the following documents filed by Parker: (1) Third Petition (Doc. 1); (2) Motion for Leave to File § 2254 Petition Without Exhausting State Remedies (Doc. 2); (3) Motion to Use Record from Case No. 13-cv-206 as Exhibits (Doc. 3); (4) Motion for Summary Judgment (Doc. 4); (5) Motion to Stay All State Proceedings (Doc. 5); (6) Motion to Expunge Case From Record (Doc. 6); (7) Motion to Add Ground Five (Doc. 8); (8) Motion to Add Fifth and Fourteenth Amendment Due Process Violation to Grounds One, Two, and Three (Doc. 9); (9) Motion to Dismiss Ground Four Without Prejudice (Doc. 11); and (10) Motion for Sua Sponte Judgment (Doc. 12).

Nevertheless, Parker did pursue post-conviction relief by filing multiple post-conviction petitions in state court. (*Id.* at 3) (citing Ex. A). To the extent that they are relevant here, the Court will discuss them in more detail below. After unsuccessfully seeking leave to file a habeas petition in the Illinois Supreme Court in November 2012, he filed three federal habeas petitions in this District. (*Id.*).

Parker filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this District on February 18, 2013. *See Parker v. Roeckeman*, No. 13-cv-0206-DRH-CJP (S.D. Ill. 2013) (Doc. 1) ("First Petition"). In the First Petition, Parker asserted a single claim, *i.e.*, his statutorily-imposed term of mandatory supervised release ("MSR") was unconstitutional (Claim 1). (Docs. 1, 8, First Petition). He later added a second claim, *i.e.*, his constitutional rights were violated when he was questioned outside the presence of a parent, legal guardian, or lawyer at the age of seventeen (Claim 2). (Docs. 24, 29, First Petition). Parker was also granted leave to add a third claim, *i.e.*, his constitutional rights were violated when he was forced to serve his term of MSR in prison because a suitable host site was unavailable (Claim 3). (Docs. 33, 40, First Petition).

The Court dismissed the First Petition on July 14, 2014, after concluding that Claims 1 and 2 were time-barred under § 2244(d)(1)(A). (Docs. 36, 60, First Petition). Claims 1 and 2 were dismissed with prejudice. (Doc. 60, pp. 4-9, First Petition). In addition, the Court determined that Claim 3 was unexhausted and dismissed it without prejudice. (*Id.*, pp. 9-13). The Court did not issue a

certificate of appealability. (*Id.*, pp. 13-14).

Parker filed his second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this District on August 12, 2016. *See Parker v. Korte*, No. 16-cv-01082-DRH (S.D. Ill. 2016) (Doc. 1) ("Second Petition"). In it, he challenged the constitutionality of his MSR term, given the use of the "turnaround policy," on due process grounds under the Fifth and/or Fourteenth Amendment, ineffective assistance grounds under the Sixth Amendment, and as constituting cruel and unusual punishment under the Eighth Amendment. (Doc. 1, Second Petition).

The Court determined that Parker could not bring Claim 1 because it was dismissed with prejudice in the first habeas action. (Doc. 60, pp. 4-9, First Petition). Although he was not precluded from pursuing Claim 3 after exhausting his state court remedies, the Court found that he filed the Second Petition before doing so. Accordingly, the Second Petition was also dismissed. (Doc. 15, Second Petition).

## II. Habeas Petition

Parker filed the instant petition ("Third Petition") only ten days after the Second Petition was dismissed. (Doc. 1, Third Petition). In his Third Petition, Parker contends that the trial judge (Claim 1), his defense counsel (Claim 2), and the State's attorney (Claim 3) led him to believe that probation was available to him, in order to secure his "blind plea" of guilty to criminal sexual assault. He has since learned that probation is prohibited under 730 ILCS § 5/5-5-3(c)(2)(H). (Doc. 1, pp. 8, 10, and 12; Doc. 1-1, Third Petition). Because the trial court

lacked jurisdiction to order probation in the first place, Parker maintains that the judgment of conviction is void. He brings all three challenges under the Fifth, Sixth, and/or Fourteenth Amendments. (Doc. 9, Third Petition).

In addition, Parker challenges the constitutionality of 703 ILCS § 5/3-14-2.5(d) and (e), statutory provisions which effectively preclude him from seeking discharge under 730 ILCS § 5/3-5-8(b) (Claim 4). (Doc. 1, p. 14; Doc. 1-1, Third Petition). After filing his Third Petition, Parker filed a motion to dismiss this claim without prejudice, and his request shall be **GRANTED**. (Doc. 11, Third Petition).

Finally, Parker filed a motion in which he seeks to add a fifth claim. (Doc. 8, Third Petition). Parker asserts that the current "voidness doctrine" in Illinois is also unconstitutional because it does not recognize unknowing or involuntary pleas as a violation of a criminal defendant's Fourteenth Amendment right to due process. (*Id.*).

Parker admits that he has taken no steps to exhaust his state court remedies with respect to any of these claims. (Doc. 2, Third Petition). However, he asks the Court to disregard this fact, declare his judgment of conviction and sentence void, grant him "immediate and unconditional discharge," and expunge the conviction from his record, without ordering a response from the State. (Docs. 2, 4, 6, and 12, Third Petition). Until this Third Petition is decided, Parker also seeks an order from this Court staying his three cases that are currently pending in state court. (Doc. 5, Third Petition).

### III. Discussion

Just as Claims 1 and 2 in Parker's First Petition are time-barred, so, too, are his claims in the Third Petition. *See Parker v. Roeckeman*, No. 13-cv-00206-DRH-CJP (S.D. Ill.) (Doc. 60). Under the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"), a district court may issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, a district court cannot address the merits of a federal habeas petition unless the state prisoner first clears several procedural hurdles imposed by AEDPA.

One of these hurdles is the one-year limitations period for filing an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1)(A)-(D). The only provisions that might apply to Parker's claims are subsections (A) and (D). However, his claims are time-barred under both of these provisions.

Moreover, the instant claims are time-barred for the *same* reasons that Claims 1 and 2 in the First Petition were deemed to be time-barred under § 2244(d)(1)(A):

> . . . Parker pleaded guilty on June 24, 2009. In the thirty days that followed, he did not move to reconsider his sentence or withdraw his plea, and he did not file a direct appeal. Therefore, his conviction became final on July 24, 2009 when his time to do so expired. The clock on the one-year limitation period under 2244(d)(1)(A) began to run that same day. On June 29, 2010, Parker filed a post-conviction petition and, assuming that it was properly filed, stopped the limitations clock. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction [relief] is pending shall not be counted toward any period of limitation. . . ."). The trial court denied Parker's post-conviction petition, and Parker appealed to the Illinois Appellate Court. When Parker's appeal was dismissed on April 1, 2011, the limitations clock started to run again. At this point, Parker had 26 days—until April 27, 2011—to file a federal habeas petition seeking to challenge his conviction. Parker's federal habeas petition was not filed until February 28, 2013, almost two years after the deadline had passed. Therefore, Parker's § 2254 petition is time-barred under § 2244(d)(1)(A) and must be dismissed.

*Parker v. Roeckeman*, No. 13-cv-00206-DRH-CJP (S.D. Ill.) (Doc. 60, pp. 6-9). The Third Petition was not filed until more than five years after the deadline expired for filing a federal habeas petition. The Third Petition is also untimely.

Parker does not include any allegations in his Third Petition, or elsewhere, suggesting that the limitations period began to run on a later date, such as those described under 28 U.S.C. § 2244(d)(1)(B), (C), or (D). At most, Parker suggests that the limitations period should have run from the date he first learned that

probation was not allowed under 730 ILCS § 5/5-5-3(c)(2)(H) (Doc. 1, pp. 8, 10, and 12; Doc. 1-1, Third Petition). However, his mistake of the law does not trigger application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Under subsection (D), which most closely aligns with this argument, it is the "date on which the **factual** predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). The date on which Parker first understood his legal rights is not covered under this provision. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). The Court finds that § 2244(d)(1)(A) applies to each of Parker's claims in the Third Petition and they are all time-barred.

Further, the doctrine of equitable tolling does not save his claims. The Seventh Circuit recognizes that "[e]quitable tolling may apply to cases on collateral review, but only when it does not conflict with the strictures of 28 U.S.C. § 2244(d)." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citations omitted). The Seventh Circuit has likewise observed that "[e]quitable tolling is rarely granted." *Id*. (citations omitted). This is largely because a habeas petitioner must demonstrate that "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition." *Id*. (citations omitted). He must also show that he has "diligently pursued his claim, despite the obstacle." *Id*.

Parker has demonstrated nothing of the sort. He describes no difficulties preparing the Third Petition. The reason for his delay is that Parker only recently developed the arguments in support of his latest challenge to his conviction and sentence. However, Parker admits that he took no action to exhaust his state court remedies with respect to any them before filing his federal habeas petition.

In short, the claims raised in connection with Parker's Third Petition are untimely, and the doctrine of equitable tolling does save the claims. For the reasons set forth herein, the Third Petition shall be **DISMISSED with prejudice**.

### IV. Pending Motions

Parker's Motion to Add Ground Five (Doc. 8), Motion to Add Fifth and Fourteenth Amendment Due Process Violation to Grounds One, Two, and Three (Doc. 9), and Motion to Dismiss Ground Four Without Prejudice (Doc. 11) are **GRANTED**.

However, Parker's Motion for Leave to File § 2254 Petition Without Exhausting State Remedies (Doc. 2), Motion for Summary Judgment (Doc. 4), and Motion to Expunge Case From Record (Doc. 6) are **DENIED**, and Parker's Motion to Use Record from Case No. 13-cv-206 as Exhibits (Doc. 3), Motion to Stay All State Proceedings (Doc. 5), and Motion for Sua Sponte Judgment (Doc. 12) are **DENIED** as **MOOT**.

## V. Disposition

**IT IS HEREBY ORDERED** that the Third Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is untimely and is therefore **DISMISSED with prejudice**.

Should Parker desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, no reasonable jurist would find it debatable whether this Court's ruling on the untimeliness of Parker's Third Petition was correct. Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: December 12, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.12.12 13:36:39 -06'00'

_____
**DISTRICT JUDGE**
**United States District Court**